IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 22-00231-KD |
| | ) |
| JOHN ANTHONY BECTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the motion for early termination of supervised release filed by Defendant John Anthony Becton ("Becton"). (Doc. 25). Upon consideration, and for the reasons below, the motion is **GRANTED**.

### I.    Background

On December 8, 2022, Becton was charged with an information for violation of 18 U.S.C. § 922(b)(5) (failure by federally licensed dealer to keep proper records). (Doc. 1). The information alleged that Becton willfully sold and delivered a rifle without making the required records under 18 U.S.C. § 923 (name, age, and residence of purchaser). (Id.). Shortly after, Becton waived his right to prosecution by indictment and entered a plea agreement. (Doc. 5). Becton's guilty plea was accepted on December 19, 2022, and Becton was found guilty of violating 18 U.S.C. § 922(b)(5). (Doc. 6).

On May 26, 2023, judgment was imposed against Becton, and Becton was sentenced to one day of imprisonment with three years of supervised release term ("SRT") to follow. (Doc. 23). The Court granted a downward departure, in part, due to Becton's employment history and lack of criminal history. (Id. at 2).

On July 8, 2025, Becton filed a motion for early termination of his SRT. (Doc. 25). In

support, Becton states there have been no issues with his conduct or supervision, and he has had no additional legal troubles. (Id.). Further, Becton explains that his counsel discussed the matter with Becton's United States Probation Officer, and she expressed no objection to the motion. (Id.).

## II.   Law and Analysis

A district court may terminate a term of supervised release "at any time after one year of supervised release has expired, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before terminating a term of supervised release, however, the district court must consider the relevant factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

> The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any pertinent policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

United States v. Cordero, 7 F. 4th 1058, 1069 (11th Cir. 2021) (citing 18 U.S.C. § 3583(e); U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)). "It is not necessary for a special condition to be supported by each § 3553(a) factor; rather, each factor is an independent consideration to be weighed." United States v. Tome, 611 F.3d 1371, 1376 (11th Cir. 2010).

Generally, the court must hold a hearing before modifying the conditions of supervised release. Fed. R. Crim. P. 32.1(c)(1). However, no hearing is required if (1) the defendant waives the hearing or if (2) the modification is favorable to the defendant and the government has not objected to the modification after receiving notice and a reasonable opportunity to object. Fed. R. Crim. P. 32.1(c)(2).

One year of supervised release has expired, so Becton is eligible to be considered for early termination of his SRT. Moreover, the United States has indicated it is not opposed to the motion for early termination of SRT. (Doc. 27). This means that the Court may terminate Becton's supervised release term without holding a hearing. Fed. R. Crim. P. 32.1(c). Therefore, the issue is whether termination is warranted by Becton's conduct, the interest of justice, and the relevant 18 U.S.C. § 3553(a) factors.

Here, the most relevant factors to this analysis are the nature and circumstances of Becton's offense and Becton's history and characteristics. Becton was charged with violation of 18 U.S.C. § 922(b)(5) for willfully selling and delivering a rifle without making the required records. Becton quickly waived his right to an indictment and entered a plea of guilty. At sentencing, the Court granted a downward departure based, in part, on Becton's employment history and lack of criminal history. Importantly, both Becton's probation officer and the United States do not oppose early termination. (Doc. 27). Becton's probation officer indicated that there have been no issues of noncompliance, that Becton is a low-risk case, and that Becton has maintained employment and a stable residence. Becton. Thus, Becton appears to be a good candidate for early termination of supervised release.

Given the relevant factors in 18 U.S.C. § 3553(a), the Court is satisfied that early termination of Becton's SRT is warranted by Becton's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1). Accordingly, Becton's motion for early termination of his SRT is **GRANTED**, and Becton's SRT is terminated.

**DONE** and **ORDERED** this **11th** day of **July 2025**.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**